UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KENT DAVENPORT, | ) | CASE NO. 4:05 CV 2689 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DAVID BOBBIE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 16, 2005, pro se plaintiff Kent Davenport filed this action under 42 U.S.C. § 1983 against Trumbull Correctional Institution ("TCI") Warden David Bobbie, Bureau of Classification and Reception employee Will A. Eleby, Southern Ohio Correctional Facility ("SOFC") Unit Manager Mr. Stuntebeck, and Ohio Department of Rehabilitation and Correction Assistant Chief Inspector L.C. Coval. In the complaint, plaintiff alleges that he was denied due process and equal protection when his security classification was raised following a prison conduct infraction. He requests that the increase in his security level be rescinded and that he be awarded monetary damages.

## Background

On April 7, 2005, Mr. Davenport was charged by prison officials with encouraging

or creating a disturbance and disobeying a direct order. The conduct report issued to Mr. Davenport states that at 5:45 p.m., TCI Corrections Officer James Weeks was observing blocks of inmates leaving and arriving for the evening meal when he noticed a group of "stragglers from 13 West" outside the food service area. (Conduct Report Compl. Ex. 5) He states he stopped them and told them to return to their block. The officer told them they would be called for dinner when the food service workers were called. The officer claimed Mr. Davenport approached him and yelled that "this is a racial thing." (Conduct Report Compl. Ex. 5) Mr. Davenport was allegedly told to calm down and return to his block as requested. When he did not comply, the officer gave a direct order to Mr. Davenport to return to his block, which he also refused. The officer claimed that Mr. Davenport turned to the other inmates who had begun to gather around and again stated, "this is racial we are going to chow." (Conduct Report Compl. Ex. 5) The Officer pulled his pepper spray and called for assistance. The shift lieutenant arrived and Mr. Davenport was taken to segregation without incident. The other inmates returned to their block as requested.

A Rules Infraction Board Hearing was conducted on April 13, 2005. Mr. Davenport was found guilty of both charges and was sentenced to 15 days in disciplinary control segregation with no credit for time served awaiting the hearing. The Board also stated that it was recommending placement in local control segregation and an increase in Mr. Davenport's security classification to Security Level 4 (formerly known as maximum security), Privilege Level B. The Security Classification Committee met to discuss the matter and on May 9, 2005 issued its recommendation that the incident did not warrant 4B placement. The Warden, however, disagreed with the Security Classification Committee. He recommended an increase in Mr. Davenport's security level stating "Inmate Davenport was the leader of a group of inmates who caused a disturbance in the yard. His

2

actions caused a potentially dangerous situation." (Recommendation of Warden Compl. Ex. 8.) The Warden's recommendation was apparently adopted. Mr. Davenport's security classification was increased to level 4B and he was transferred to the Southern Ohio Correctional Facility.

Mr. Davenport objects to these actions. Specifically, he claims that when the warden reversed the decision of the Security Classification Committee, he added to the allegations in the conduct report. He points to the Warden's statement that "Inmate Davenport was the leader of a group of inmates... ." Mr. Davenport claims the conduct report does not specifically say he was the leader of the group and further notes that he was found guilty of encouraging or creating a disturbance, not of being a group leader. He asserts that he was not given proper notice of this new allegation. In addition, Mr. Davenport contends he was denied the right to utilize the inmate grievance system to appeal his 4B placement. Finally, Mr. Davenport asserts that the Rules Infraction Board and Bureau of Classification employee Will Eleby abused their discretion by finding him guilty of the allegations in the conduct report. He asserts he was denied due process and equal protection. He seeks on order from this court rescinding his 4B placement, a complete reconsideration of his security status, and an award of monetary damages.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v.

---

[1]  An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

**Procedural Due Process**

To state a procedural due process claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process.  Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999).  The first step in any procedural due process inquiry is to determine whether the inmate was deprived of a liberty interest which receives due process protections.  The prison's failure to follow their own institutional guidelines and administrative rules, standing alone, does not implicate due process. Levine v. Torvik, 986 F.2d 1506, 1515 (6th Cir. 1993).  It is only when the plaintiff establishes that a protected liberty or property interest is at stake that the court will proceed to the next part of the inquiry to determine what process was due to the inmate before the deprivation could occur. Wilkinson v. Austin, 125 S.Ct 2384, 2395 (2005).

In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that the only liberty interest a prisoner may protect through § 1983 is "freedom from restraint which ...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.  Mr. Davenport must therefore allege facts to suggest he suffered an

---

(...continued)
invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

"atypical and significant hardship" as a result of the disciplinary and security classification hearings. Id. The complaint indicates that he was sentenced to 15 days in disciplinary segregation, received an increase in his security level, and was transferred to a maximum security prison facility. None of these punitive measures qualifies as an "atypical and significant hardship" in relation to the ordinary incidents of prison life. See id. (finding that time spent in disciplinary segregation does not present an atypical or significant hardship); Olim v. Wakinekona, 461 U.S. 238, 245 (1983)(finding prisoners do not have a federally protected right in remaining or being assigned to a particular security classification level); Bazetta v. McGinnis, 430 F.3d 795, 804 (6th Cir. 2005)(citing Meachum v. Fano, 427 U.S. 215, 228 (1976) to find that an inmate has no liberty interest in a prison transfer regardless of the differing conditions of confinement found at the prisons). Mr. Davenport's due process claims fail at the inception inasmuch as he did not suffer a deprivation of a recognized liberty interest as a result of the rules infraction board and security classification hearings.

**Equal Protection**

Mr. Davenport's equal protection claim also requires dismissal. He presents no facts which reasonably suggest a basis for this claim and it is presented solely as a legal conclusion. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted

factual inferences. <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987); <u>see also</u>, <u>Place v. Shepherd</u>, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

## Conclusion

Accordingly, this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/Peter C. Economus - 2/14/06
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.